IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JARRETT RAYSHAWN BAKER,      )
                             )
            Plaintiff,       )
                             )
    v.                       )       1:25cv289
                             )
CARLA WEST,                  )
                             )
            Defendant.       )

## MEMORANDUM ORDER

This case is before the court on Defendant Carla West's motion to dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 9.) West filed a memorandum in support of her motion (Doc. 10), and pro se Plaintiff Jarrett Rayshawn Baker filed a memorandum in opposition (Doc. 12), as well as a supplement (Doc. 14). For the reasons set out below, West's motion to dismiss will be granted.

Defendant West is a Division Director of the North Carolina Department of Health and Human Services ("NCDHHS"), which Baker refers to as the "IV-D agency". (See Doc. 1 at 1, 4.) Baker erroneously characterizes the NCDHSS as a private for-profit business, apparently misinterpreting references to "customers" on its website. (See id. at 4.) Title IV-D of the Social Security Act establishes a state-federal partnership to provide child support services, which in North Carolina are administered under the supervision of NCDHHS. (See 42 U.S.C. § 651 et seq.; N.C.

Gen. Stat. § 110-128 et seq.)  On December 27, 2024, Baker allegedly mailed West a letter demanding that she "terminate [his] involuntary participation in the program pertaining to IV-D Case No. 0008464210" and refund him $15,000[1] at 6% interest within 72 hours.  (Doc. 14 at 1-2; Doc. 1 at 3.)  Based on West's failure to respond to that letter, Baker brings claims under 42 U.S.C. § 1983, alleging that his "involuntary participation in the IV-D business for profit" violated his rights under the First, Fourth, Fifth, Seventh, Thirteenth, and Fourteenth Amendments to the United States Constitution.  (Doc. 1 at 3, 6.)  Baker requests that the court sever his "unwanted association with the IV-D agency," terminate his "nonconsensual unconstitutional involuntary participation in the IV-D business for profit," order NCDHSS to refund him $8,000 at 6% interest "for monies taken from [him] by fraud and coercion during [his] involuntary participation," award him $10 million in "compensatory, punitive, and other damages," and award him $1,500 in legal fees in expenses, all in a trial by jury.  (Id. at 7-8.)

West argues, among other things, that this court lacks subject matter jurisdiction over Baker's complaint.  (Doc. 10 at 8-11.)  A plaintiff has the burden of proving that subject matter

---

[1] In his complaint, Baker alleges that the amount demanded was $5,000; however, he subsequently filed a copy of the letter as a supplement which shows that the amount demanded was $15,000.  (Compare Doc. 1 at 3; Doc. 14 at 2.)

jurisdiction exists.  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  When a defendant challenges subject matter jurisdiction, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Id. (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).)  Dismissal is warranted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.

West argues that Baker's claims, while ostensibly arising under 42 U.S.C. § 1983, are in reality an attempt to collaterally attack a pair of IV-D child support orders (the "State Child Support Orders"), which were entered against Baker in Rockingham County District Court on January 17, 2024, and August 30, 2024.  (Doc. 10 at 10-12; see Docs. 10-1, 10-2.)  As West notes, under the Rooker-Feldman doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  (Doc. 10 at 11 (citing Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam); see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).).)  Baker responds that the Rooker-Feldman doctrine does not apply here because "the court[], its agents, employees, and subcontractors did act . . . in an independent capacity and not as

officers, employees, or agents of the state of NC," and therefore they "have no authority to issue a court order." (Doc. 12 at 3.) Thus, Baker maintains that the present action "was never related to a Domestic Relation issue" and that he "was never a state-court loser complaining of injuries caused by state-court judgment rendered before District Court proceedings commenced and inviting district court review and rejection of those judgments," reiterating allegations in the complaint that apparently anticipate West's jurisdictional challenge. (Doc. 12 at 3-4; cf. Doc. 1 at 3 (alleging that the present action "is not related to a Domestic Relation issue" and that Baker "is not a state-court loser complaining of injuries caused by a state-court judgment rendered before District Court proceedings commenced and inviting district court review and rejection of those judgments.").)

Baker's allegations are mere evidence on the issue of subject matter jurisdiction, which the court need not accept as true. Evans, 166 F.3d at 647. The court also takes judicial notice of the State Child Support Orders as evidence outside the pleadings to determine its jurisdiction. Id. Moreover, Baker's argument contains multiple mistakes of law[2] and fact. The NCDHSS is not a

---

[2] While the motion to dismiss is resolved on Rooker-Feldman grounds, West is correct that Baker's damages claims are also barred by the Eleventh Amendment and sovereign immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66-67 (1989); In re Secretary of Dep't of Crime Control & Public Safety, 7 F.3d 1140, 1149 (4th Cir. 1993) (finding that § 1983 does not abrogate a state's sovereign immunity); Jenkins v. Messinga, 592 F. Supp. 480, 494 n. 12 (D. Md. 1984) (noting that Title IV-D of the

for-profit business, and the Rockingham County Court District Court acted with full authority when it issued the State Child Support Orders against Baker.  Thus, the State Child Support Orders are final state court judgments that implicate the Rooker-Feldman doctrine, and this court lacks jurisdiction to disturb them. Lance, 546 U.S. at 463.

In sum, the court finds that Baker has not met his burden to demonstrate subject matter jurisdiction.  As West argues, this court lacks subject matter jurisdiction because Baker's action is not a bona fide § 1983 claim, but rather a collateral attack on final state court orders.

For the reasons stated,

IT IS ORDERED that Defendant Carla West's motion to dismiss (Doc. 9) is GRANTED and the action is DISMISSED WITHOUT PREJUDICE.


                                        /s/   Thomas D. Schroeder
                                United States District Judge

December 31, 2025

---

Social Security Act, i.e., the federal child support law, does not abrogate a state's sovereign immunity).